In re Douglas C. **DALTON** and Kathleen J. Dalton, Debtors.

Donald A. **SIREK**, Trustee, Plaintiff,

v.

Douglas C. **DALTON** and Kathleen J. Dalton, the Arizona State Lottery and Jackson National Life, Defendants.

Bankruptcy No. B–89–01141–PHX–GBN. Adv. No. 91–456–GBN.

United States Bankruptcy Court, D. Arizona.

Oct. 13, 1992.

$79,500,000.00, punitive damages of at least $100,000,000.00 and other relief.

John Friedeman, Phoenix, Ariz., for plaintiff.

Joseph T. Tadano, Doherty, Alex & Tadano, Phoenix, Ariz., for debtors.

William J. White, Atty. Gen.'s Office, Phoenix, Ariz., for Arizona Lottery.

### ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

### I

Debtors Douglas C. and Kathleen J. Dalton filed a Chapter 7 bankruptcy petition on February 9, 1989. Earlier, Mrs. Dalton purchased a ticket in the Arizona Lottery for the drawing of September 14, 1988. *See* Stipulated Facts at Page 2, Docket 15. Both Mrs. Dalton and her mother contributed to the cost of the ticket. They agreed any winnings would be split equally between them. This understanding was not reduced to writing and has not been approved by the Arizona Lottery. *Supra.*

Mrs. Dalton was the holder of a portion of the winning ticket and received a one-twentieth interest in the grand prize. This prize is paid in equal, annual installments for twenty years. Debtor's share of each installment is $7,204.31, although payments received are reduced by tax withholdings. Three payments were made to date to Mrs. Dalton. *Id.* at Page 2.

The Arizona Lottery will not recognize the claimed interest of debtor's mother. It does not honor claims of any person other than the holder of a winning ticket. Further, Mrs. Dalton's interest is nontransferable under Lottery rules. *Id.*

### II

On February 20, 1992, the trustee filed an amended complaint seeking an order that debtors turn over all their interest in the lottery proceeds and that the Arizona State Lottery be directed to distribute all proceeds to plaintiff. Docket 6. The Arizona Lottery has contested jurisdiction. Docket 3. That issue is unresolved.

Plaintiff filed a motion for partial summary judgment that (1) the estate's interest is equal to Mrs. Dalton's interest as recognized by the Lottery, (2) conversely that the mother's interest is not greater than that recognized by the Lottery, and (3) that the mother has only an unsecured claim. Docket 14 at Page 1. Debtor urges that the mother's interest in the winnings be recognized. Docket 16 at Page 4.

Curiously, the mother was neither named nor appeared in this action. Accordingly, the court can enter no binding judgment concerning any verbal contract with her daughter. Regardless, the court has clear jurisdiction to require debtor to turnover estate property. The trustee is free to challenge any proof of claim filed by the mother through the claims objection process.

### III

When a debtor files bankruptcy, all of debtor's property becomes property of an

estate. *Taylor v. Freeland & Kronz,* —— U.S. ——, ——, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). The scope of § 541 is broad and includes all tangible or intangible property. *In re McClain Airlines, Inc.,* 80 B.R. 175, 177 (Bankr.D.Ariz.1987). *See also Neuton v. Danning (In re Neuton),* 922 F.2d 1379, 1382–83 (9th Cir.1990) (contingent interests are property of the estate).

However, the scope of § 541(a) is not without limit. Congress did not intend that property in which debtor holds only a minor interest, such as a lien or bare legal title, become estate property. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204 n. 8, 103 S.Ct. 2309, 2313 n. 8, 76 L.Ed.2d 515 (1983). Nor was it intended to enlarge debtor's rights beyond those existing at the petition date. *N.S. Garrott & Sons v. Union Planters National Bank of Memphis (In re N.S. Garrott & Sons),* 772 F.2d 462, 465–66 (8th Cir.1985). A debtor may not use § 541(a) to divest another of property to which that person has rightful title. *In re Central Medical Center, Inc.,* 122 B.R. 568, 573 (Bankr.E.D.Mo.1990).

▪ In determining whether property is property of the estate, the inquiry begins with whether state law invests debtor with any legal or equitable interests as of the filing of the case. *O'Malley Lumber Co. v. Lockard (Matter of Lockard),* 884 F.2d 1171, 1177 n. 11 (9th Cir.1989); *In re McClain Airlines, supra,* at 177. Section 541 merely defines what interests of debtor are transferred to the estate. It does not address the threshold question of the existence and scope of debtor's interests. *State of California v. Farmer's Markets, Inc. (In re Farmers' Markets, Inc.),* 792 F.2d 1400, 1402 (9th Cir.1986). These questions are resolved by reference to nonbankruptcy law, *Id.*

It is clear all the debtors' interests in the winning ticket are estate property. *Matter of Brown,* 86 B.R. 944, 946–47 (N.D.Ind.

1988) (rejecting exemption claim of an Arizona lottery ticket). *In re Miller,* 16 B.R. 790, 791–92 (Bankr.Md.1982). What is unclear is the nature of the interest, if any, held by the mother under Arizona law, which debtors are attempting to enforce.

## IV

In the present case, the parties agree the Arizona Lottery does not recognize Mrs. Dalton's mother as a lottery winner. Trustee rests on this point, arguing the mother enjoys no property interest, although both she and debtor contributed to the ticket, and agreed winnings would be split equally. Stipulation of Facts at No. 1.

The trustee ignores A.R.S. § 5–513(A)(1). Under this statute, the right of any person to a prize is not assignable, except that payment of any prize or the remainder of any annuity purchased may be paid to a person under an "appropriate judicial order." (Emphasis added).[1]

There is no Arizona case law that interprets this section. It is unclear if this bankruptcy litigation can result in an "appropriate judicial order," given the statutory bar on assigned lottery interests. However, a Washington appellate court opinion interprets a similar statute. *Converse v. Lottery Commission,* 56 Wash.App. 431, 783 P.2d 1116 (1989).

Under Washington law, no right of any person to a prize is assignable, except payment of any prize can be paid to the estate of a deceased winner or any person pursuant to an "appropriate judicial order." *RCW 67.70.100;* 783 P.2d at 1117.

In *Converse,* the lottery winner obtained a judicial order allowing assignment of a portion of his winnings as loan collateral. The lottery commission refused to recognize the validity of the order. *Supra.*

The Court of Appeals noted the statute's general prohibition against assignments is clear and unambiguous. *Id.* at 1118. It is

---

1. A.R.S. § 5–513(A)(1) provides as follows:

   § 5–513. **Right to prize not assignable; exceptions**

   A. The right of any person to a prize is not assignable, except that:

1. Payment of any prize drawn or the remainder of any annuity purchased may be paid to the estate or beneficiary of a deceased prize winner or to a person pursuant to an appropriate judicial order.

the exception permitting assignments, through an "appropriate judicial order," which was ambiguous. *Id.* The court held that when a general rule is unambiguous, exceptions should be strictly construed with any doubt resolved for the general provision. *Id.* Accord: *Meyers v. Ohio State Lottery Commission,* 34 Ohio App.3d 232, 517 N.E.2d 1029, 1032–35 (1986) (holding that Lottery Commission may not disburse prize to anyone but the ticket holder); *McCabe v. Director of New Jersey Lottery Commission,* 143 N.J.Super. 443, 363 A.2d 387, 389–90 (1976).

With this rule of construction, the Washington court concluded allowing a lottery winner to obtain an order authorizing assignment of lottery winnings would swallow the rule's general prohibition against assignments. *Id.* The court noted a narrow interpretation is faithful to the legislative intent to extend *parens patriae* protection to lottery winners, insulating them from excess. *Id.,* at 1119.

The court concluded a plain reading of the statute prohibits voluntary assignment. The exception permitting assignments through judicial orders did not extend to voluntary assignments. *Id.* There, as here, the agency controlling the lottery refused to honor the alleged interest. *Converse* concluded deference to such agency's statutory interpretation was proper, when the agency's expertise is within the statute. *Supra* 783 P.2d at 1118.

### V

◼ Given this authority, and the fact the State Lottery Commission does not recognize the mother as an interest holder, a similar result should obtain under the present facts. As between debtors and the trustee, the trustee's motion for partial summary judgment is granted. The trustee will lodge and serve an order of partial judgment, requiring debtors to turnover the entire proceeds received from the lottery.