SINGER FRIEDLANDER CORPORATION *vs.* STATE LOTTERY
COMMISSION & others.[1]

Suffolk. December 4, 1995. - September 23, 1996.

Present: LIACOS, C.J., WILKINS, O'CONNOR, GREANEY, & FRIED, JJ.

*Moot Question. Practice, Civil,* Moot case. *Lottery. Statute,* Construction.
*Assignment.*

This court determined to address an issue that was moot which is capable
of repetition yet evading review. [563]
The "appropriate judicial order" exception to the general prohibition
against assignment of lottery winnings set forth in G. L. c. 10, § 28,
does not permit the voluntary assignment for any reason with leave of
court of rights to lottery prizes. [563-567]


CIVIL ACTION commenced in the Superior Court Department on July 12, 1994.

The case was heard by *Regina L. Quinlan,* J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*H. Reed Witherby* for the plaintiff.

*Edward D. Rapacki,* Assistant Attorney General, for State Lottery Commission.

O'CONNOR, J. The plaintiff, Singer Friedlander Corporation (Singer), commenced this action in the Superior Court seeking (1) a declaration that G. L. c. 10, § 28 (1994 ed.), permits judicially approved voluntary assignments of "Mass Millions" lottery prize payments, and (2) an order approving the assignment contemplated by an agreement between Singer and the nominal defendants, Gregory P. Powell and Josephine J. Powell, who are husband and wife. The defendant State Lottery Commission (commission) contended in the Superior Court, and contends on appeal, that G. L. c. 10, § 28, prohibits such assignments. On cross motions for sum-

[1]Gregory P. Powell and Josephine J. Powell.

mary judgment, a judge in the Superior Court denied Singer's motion and allowed the commission's cross motion. Judgment was entered for the defendant commission. Singer appealed and we granted Singer's application for direct appellate review. We affirm the judgment.

We recite the significant facts established for summary judgment purposes by materials described in Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). Gregory Powell (Powell) purchased the winning "Mass Millions" lottery ticket for the October 14, 1988, drawing. Subject to Federal and State tax withholdings, Powell's prize consists of twenty annual installments each in the amount of $211,478. After winning the lottery prize, Powell cosigned several notes for friends. Some of the friends defaulted and Powell was required to make the payments. As a result, Powell was unable to meet his own mortgage obligations. To prevent foreclosure and to stabilize his finances, Powell and Josephine entered into an agreement with Singer in June, 1994, to assign to Singer their rights in the prize payments due in October, 1994, and October, 1995, totalling $422,956, in return for which they would receive a lump sum of $310,000, subject to certain conditions including the requirement that judicial approval of the assignment be obtained on or before December 31, 1994.

Because judicial approval was not obtained by December 31, 1994, the agreement between Singer and the Powells lapsed. Thus, this case is moot. "The general rule is that courts ordinarily will not decide moot questions." *Norwood Hosp.* v. *Munoz*, 409 Mass. 116, 121 (1991). In the instant case, however, the plaintiff is a corporation which offers discounted lump sum payments in exchange for assignments of future prize payments from State lottery winners. The commission makes annual "jackpot" payments to approximately 1,670 winners each year. It is very likely that this same issue will "arise again in similar factual circumstances" and would not obtain appellate review before "the recurring question would again be moot." *Id.*, quoting *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984). Therefore, we address the request for declaratory relief because it is an issue which is capable of repetition yet evading review. *Norwood Hosp., supra.*

General Laws c. 10, § 28, states:

"No right of any person to a prize shall be assignable,

except that payment of any prize may be made to the estate of a deceased prize winner or to the [child support enforcement] agency as set forth in chapter one hundred and nineteen A, and except that any person pursuant to an appropriate judicial order may be paid the prize to which the winner is entitled, and except that the commission may, by regulations adopted pursuant to section twenty-four, permit assignment of prizes for purposes of paying estate and inheritance taxes, or to a trust the beneficiaries of which are the prize winner, his mother, father, children, grandchildren, brothers, sisters, or spouse. Neither the commission nor the director shall be liable for the payment of a prize pursuant to this section."

The first clause of G. L. c. 10, § 28, standing alone, is unambiguous. It prohibits all assignments of rights to lottery prize money. The first clause, however, is followed by four "exceptions," the second of which is that "any person pursuant to an appropriate judicial order may be paid the prize to which the winner is entitled." The controversy in this case is about the meaning of that language which, standing alone, is ambiguous. Singer contends that the Legislature intended this language to permit all voluntary assignments which are judicially approved. Singer contends that, by virtue of this language, courts are authorized to enter orders approving lottery winners' voluntary assignment of annual prize payments to finance companies for discounted lump sum payments. The commission, on the other hand, contends that the language in question merely permits involuntary transfers of payments in situations where a court must determine property rights in a winner's prize, for example, in a dispute over ownership of the prize as in probate proceedings concerning a winner's estate or in divorce proceedings concerning division of marital assets.

"The text [of a statute] must be afforded its plain meaning when it is clear and unambiguous. *Bronstein* v. *Prudential Ins. Co. of Am.*, 390 Mass. 701, 704 (1984), and cases cited. When ambiguities are present, however, 'a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language,

considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' *Commonwealth* v. *Galvin,* 388 Mass. 326, 328 (1983), quoting *Board of Educ.* v. *Assessors of Worcester,* 368 Mass. 511, 513 (1975). At the same time, a statute should be read as a whole to produce an internal consistency. See 2A C. Sands, Sutherland Statutory Construction § 46.05 (4th ed. 1984)."

*Telesetsky* v. *Wight,* 395 Mass. 868, 872-873 (1985). In addition, "an exception from the coverage of a statute is ordinarily to be construed narrowly so as to prevent the purposes of the statute from being rendered ineffective." *Martin* v. *Rent Control Bd. of Cambridge,* 19 Mass. App. Ct. 745, 747 (1985). See *Woods* v. *Executive Office of Communities & Dev.,* 411 Mass. 599, 605 (1992).

In denying Singer's motion for summary judgment and allowing the commission's cross motion, the Superior Court judge in this case made clear by her endorsements on the motions that her reasons were those previously articulated by another Superior Court judge in a memorandum of decision in another case involving an issue very similar to the issue here. The memorandum of decision in that other case, Cove First Acquisition Corp. *vs.* State Lottery Comm'n, Middlesex Superior Court No. 93-7407, August 9, 1994, is set forth in the record appendix. The judge in the Cove First Acquisition Corp. case, Judge Wendie I. Gershengorn, concluded that G. L. c. 10, § 28, "is a general prohibition on assignments with certain exceptions, including an exception in circumstances where the disposition of a lottery prize is an appropriate remedy in a judicial proceeding independent of section 28." The judge's reasoning, with which we agree, was substantially as follows:

"If the 'appropriate judicial order' exception were to freely permit voluntary assignments for any reason with leave of the court, the exception would entirely swallow the general rule that '[n]o right of any person to a prize shall be assignable.' See G. L. c. 10, § 28. Such a construction is contrary to the principle that statutory exceptions should be construed narrowly. . . .

"Further, the structure of section 28 does not support plaintiffs' theory that the statute states a general rule allowing voluntary assignments made with the Court's permission and certain other assignments made without need for an 'appropriate judicial order.' It defies logic to suggest that the 'appropriate judicial order' clause forms part of the general rule (making the general rule a conditionally permissive one rather than a prohibitive one) when that clause is separated from the broad prohibition of the rule by an unrelated exception (payments to a deceased prize winner's estate).[2] In addition, such an interpretation is contrary to the principle that the legislative policy is assumed to be contained within the general rule, not the proviso. *Woods* [*supra* at 604-605]. The prohibition of prize assignments, rather than the allowance of assignments, must be assumed to constitute the legislative policy here.

"Finally, plaintiffs' interpretation is weakened by the fact that the statute provides absolutely no standards by which the Court could determine when it would be 'appropriate' for it to grant a judicial order allowing a voluntary prize assignment. A construction of section 28 which would grant the Court broad authority to allow or disallow assignments without any standards for making such decisions is not a reasonable construction and is therefore to be avoided. See *Korkuch* v. *Planning Board of Eastham*, 26 Mass. App. Ct. 307, 309 (1988)."

We endorse the above reasoning and the result reached by the motion judge in this case and the judge whose decision in Cove First Acquisition Corp. *vs.* State Lottery Comm'n, *supra*, we have liberally quoted. The reasoning is persuasive. Furthermore, our decision comports with nearly every reported appellate and trial decision which has construed State lottery statutes containing similar language. See *In re Dalton*, 146 B.R. 460, 463 (Bankr. D. Ariz. 1992); *Walker* v. *Rogers*, 272 Ill. App. 3d 86, 92 (1995); *McCabe* v. *Director of N.J. Lottery Comm'n*, 143 N.J. Super. 443, 448 (1976); *Converse* v. *State Lottery Comm'n*, 56 Wash. App. 431, 434 (1989). See also *Lemieux* v. *Tri-State Lotto Comm'n*, 666 A.2d 1170, 1173 (Vt. 1995) (holding voluntary assignments

[2]If the Legislature intended the general rule to be that no right of any person to a prize shall be assignable without an appropriate judicial order, it is reasonable to believe that the Legislature would have expressed the rule in that, or a similar, manner.

pursuant to "appropriate judicial order" not prohibited where, unlike G. L. c. 10, § 28, general prohibition against assignments not present). The *Lemieux* court expressly distinguished its statute from the statutes in Massachusetts and elsewhere that do not contain a general prohibition against assignments.

*Judgment affirmed.*