Toomey, J.
INTRODUCTION
The plaintiffs, Francis E. Moore (Moore) and John W. Drawee (Drawee), individually and in representative capacities, brought this summaiy judgment motion against the defendants, Colonel Reed Hillman (the colonel) and the Department of State Police (the Department), claiming that plaintiffs, and certain members of the classes they represent, failed to receive promotions as a result of the defendants’ erroneous interpretation and application of the veterans’ preference points provision of G.L.c. 22C, §26 (veterans’ preference points provision). The plaintiffs also contend that, as a matter of law, the colonel is required to fill promotional vacancies within sixty days of the occurrence of such vacancies and must use the current eligibility lists to fill such vacancies. Based upon those arguments, the plaintiffs seek a declaration from this court that: (1) the veterans’ preference points provision applies, and the points may be added, only to raw written examination scores of 70 percent or above; (2) the defendants’ action in applying the veterans’ preference points provision, and adding the points, to raw written examination scores of less than 70 percent constituted an error of law; (3) the defendants must maintain the current eligible lists for the ranks of sergeant and lieutenant until new eligible lists for said ranks are established in accordance with applicable law; and (4) the defendants must fill all current and future vacancies for the ranks of sergeant and lieutenant from the current eligibility lists for said *730 ranks within sixty days of the occurrence of such vacancies, until such time as new eligibility lists for said ranks have been established.
The defendants oppose the plaintiffs’ motion and also move for summary judgment, claiming that, as a matter of law, (1) the colonel acted in accordance with the express terms of G.L.c. 22C, §26, by adding two points to raw examination scores of 68 percent or above attained by military veterans; and (2) the colonel is not legally obligated to promote veterans within sixty days. For the reasons explained below, the parties’ motions for summary judgment are ALLOWED in part and DENIED in part.
BACKGROUND
The following facts, drawn from the parties’ submissions to this court, are undisputed. On December 7, 1994, the colonel established an eligibility list of successful candidates for promotion to the rank of lieutenant. On January 4, 1995, the colonel established an eligibility list of successful candidates for promotion to the rank of sergeant.[4] In compiling these lists, the colonel ranked the candidates pursuant to a number of factors outlined in G.L.c. 22C, §26, including a candidate’s written promotional examination score, longevity, oral interview, and performance evaluation. Pursuant to G.L.c. 22C, §26, a score of 70 percent or above on a written promotional examination is deemed a passing grade.
The Lieutenant’s List
With respect to the eligibility list for promotion to the rank of lieutenant, the colonel promoted individuals ranked numbers one through eighty on the list to the rank of lieutenant. Four of the individuals promoted received raw scores of less than 70 on the written promotional examination. The four individuals were veterans with military experience. Prior to the creation of the lieutenant’s eligibility list, the colonel added two points to the raw written promotional examination scores of each of these four veterans, thus increasing their written promotional examination scores to 70 or above.
Moore, and other non-veteran members in a class which he represents, received raw scores of 70 or higher on the written promotional examination for the rank of lieutenant, but have yet to be promoted. Moore is the highest ranking candidate for promotion on the remaining lieutenant’s eligibility list.
The Sergeant’s List
With respect to the eligibility list for promotion to the rank of sergeant, the colonel promoted individuals ranked one through 214 on the list to the rank of sergeant. Four of the individuals promoted received raw scores of less than 70 on the written promotional examination. The four individuals were veterans with military experience. Prior to the creation of the sergeant’s eligibility list, the colonel added two points to the raw written promotional examination scores of each of the four veterans, thus increasing their written examination scores to 70 or above.
Drawee, and other non-veterans in a class which he represents, received raw scores of 70 or higher on the written promotional examination for the rank of sergeant, but have yet to be promoted. Drawee is the second highest ranking candidate for promotion on the remaining sergeant’s eligibility list.
The above-referenced eligibility lists for promotion to the ranks of lieutenant and sergeant remained in effect until January 4, 1997. On that date, the colonel announced that he would make no additional appointments from those eligibility lists. Yet, vacancies are believed currently to exist within the Department for the ranks of lieutenant and sergeant. Consequently, the plaintiffs brought this civil action for declaratory and injunctive relief, seeking an order to compel the colonel to fill all promotional vacancies from the lieutenants’ December 7, 1994 and sergeants’ January 4, 1995 eligibility lists (eligibility lists) within sixty days after the occurrence of said vacancies.
On February 12, 1997, the court conducted a hearing on plaintiffs’ request for injunctive relief with respect to the issue of filling the alleged vacancies in the Department. The court (Ball, J.) granted plaintiffs’ request and issued a preliminary injunction on February 14, 1997, ordering the defendants, in the absence of a regulation from the Department, to “fill all current and future vacancies for the ranks of Sergeant and Lieutenant, from the current eligibility lists for said ranks, within sixty days of the occurrence of such vacancies, until such time as new eligibility lists for the ranks of Sergeant and Lieutenant have been established."
On March 7, 1997, the colonel promulgated Department of State Police General Order 97GO-1 (the general order) pursuant to G.L.c. 22C, §25. The general order requires the colonel to promote individuals to promotional vacancies within sixty days, unless the colonel issues a written order to the Division of Administrative Services (the division) within sixty days specifying one of three reasons for not filling such vacancies. Specifically, the colonel is not compelled to fill vacancies when: “(a) the abolishment and/or consolidation of a division, bureau, section, or unit of the Massachusetts State Police; (b) insufficient funding as appropriated by the general court for the administration, organization, government, training, compensation, equipment, and maintenance of the Massachusetts State Police; or (c) the assignment, reassignment or transfer of any uniformed member within or among a division or divisions of the Massachusetts State Police, and/or the staffing needs of any such division or divisions with consideration given to any completed or ongoing staffing study and/or any change in duties within a particular rank” will “prevent the filling of such vacancies in the near future.” The general order recites that such written orders issued *731 by the colonel remain effective only for a period of 180 days, unless the colonel issues a new order to the division detailing the specific reasons for extending the order’s duration.
On April 4, 1997, the defendants filed a motion to vacate the February 14, 1997 preliminary injunction. As grounds for its motion, the defendants argued that the court should vacate the preliminary injunction because the colonel promulgated a regulation, the general order, subsequent to the date of the preliminary injunction, which specifies the time in which he is required to fill promotional vacancies. This court held a hearing on April 18, 1997, on the defendants’ motion to vacate. With the concurrence of the parties, the court denied the motion to vacate, but also relieved the defendants of their obligations imposed by the preliminary injunction until such time as the parties’ cross-motions for summary judgment are resolved. The objective of such orders was to preserve the status quo ante pending determination of the underlying petition for declaratory relief.
DISCUSSION
Summary judgment is to be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R. Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and “that the summary judgment record entitles the moving party to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving parly’s case or by showing that the 'nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. The Colonel’s Application of Veterans’ Preference Points Under G.L.c. 22C, §26
The plaintiffs contend that the colonel violated G.L.c. 22C, §26, by applying the veterans’ preference points to raw written promotional examination scores of less than 70 and that such an application was contrary to the statutory mandate. Plaintiffs posit that the statute’s language requires that veterans first attain a passing score of at least 70 on the written promotional examination before receiving the two additional veterans’ preference points for the purpose of ranking on the respective eligibility lists. The defendants, however, retort that the colonel’s practice of adding two points to the raw written promotional examination scores of veterans, whether or not that raw score was 70 or above, should be afforded substantial deference and was in accordance with the plain language of G.L.c. 22C, §26. The defendants also contend that the colonel’s interpretation of the veterans’ preference points provision is consistent with similar provisions contained in G.L.c. 22C, §11, with respect to examination requirements and preference points for veterans seeking enlistment in the Department and is distinguishable from civil service statutes, such as G.L.c. 31, §26, which expressly require veterans to receive á passing score before qualifying for additional preference points. The plaintiffs have the better of the dispute.
We begin with the proposition that, in construing any statute, a court must take care to avoid conclusions as to what a law ought to provide. The court does not create the law, but is obligated to apply the statutoiy language in accordance with the court’s perception of the Legislature’s intent. Pyle v. School Comm. of S. Hadley, 423 Mass. 283, 285 (1996). When the text of a statute is clear and unambiguous, the language will be conclusive as to legislative intent and the court must afford the statute its plain meaning. Id.; Bronstein v. Prudential Ins. Co. of Am., 390 Mass. 701, 704 (1984). Where ambiguities exist, however, the court’s task is to interpret the statute “according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975). Additionally, the court must read a statute as a whole in order that the Legislature’s work may, wherever possible, be internally consistent. Singer Friedlander Corp. v. State Lottery Comm’n, 423 Mass. 562, 565 (1996).
In the view of this court, the language of G.L.c. 22C, §26, is unambiguous and must be construed as written. Section 26 provides that “(n]o member shall be eligible for promotion unless he has attained a mark of at least seventy percent in the written examination. Any member who is a veteran shall have two points added to his examination score for the purposes of compiling an eligible list for promotion." The clear and unambiguous language, evidenced by the terms “shall” and “unless,” requires that all uniformed members of the Department, veterans and non-veterans, attain a passing score of at least seventy percent on a written promotional examination before being eligible for a promotion. When the statute’s subsequent instructive language — "for the purposes of compiling an eligible list for promotion" — is read in company with the entirely of §26, there is no room to doubt that the Legislature intended that, once members meet the threshold passing score, the passing members are then to be ranked, for purposes of promotion, based upon several factors, including the written examination score, longevity, and performance evaluation. In *732 the accomplishment of this ranking function, the colonel is directed by §26 to add two points to the written examination scores of veterans. The plain language of the statute requires that veterans first receive a passing score on the promotional examination before obtaining the preference points.
The defendants dispute that “pass first, then points” view of the legislative language and urge that the veterans’ preference points provision obligates the colonel to add two preference points to any veteran’s examination score irrespective of whether or not that score exceeded seventy percent. That is, the defendants propose a “points first, then pass” reading of the statute. Such an interpretation is flawed for several reasons. First, the defendants’ interpretation ignores the provision’s limiting and instructive language “for the purpose of compiling an eligible list for promotion.” Had the Legislature intended that the colonel apply the veterans’ preference points to veterans who did not meet the threshold of a passing score, the Legislature could easily have so stated by, for example, employing language such as “for the purpose of attaining a passing examination score.” Because it is this court’s duty to effectuate the intent of the Legislature, as evidenced by the statute’s language, the court cannot adopt the defendants’ interpretation of the veterans’ preference points provision, which interpretation would render the provision’s express language ineffective. See Pielech v. Massasoit Greyhound, Inc., 423 Mass. 534, 539 (1996) (stating statutory language is principal source of insight into legislative purpose). Such judicial legislation is inimical to the principles of the separation of powers that govern the court’s adjudicatory function.
Second, the interpretation that the defendants urge this court to adopt would create constitutional concern. See, e.g., Brown v. Russell, 166 Mass. 14, 26-27 (1896) (award of absolute preference to veteran seeking public service appointment without first determining whether said veteran was qualified to perform duties of position was unconstitutional); see also Mayor of Lynn v. Commissioner of Civil Serv., 269 Mass. 410, 412-13 (1929) (statute requiring veterans to establish their qualifications by passing examinations before being considered for preferential treatment was constitutional). The court, however, need not engage those potential constitutional considerations because the plain and ordinary language of the veterans’ preference points provision permits veterans’ preference points to be applied only to raw promotional examination scores of 70 or above. See Pielech v. Massasoit Greyhound, Inc., 423 Mass. at 538-39 (instructing that statutes should be construed to circumvent an unconstitutional result or likelihood thereof if reasonable principles of interpretation so permit). Veterans receiving additional points under this court’s view of the statute will have established their qualifications by passing the promotional examination before receiving any preferential treatment. That view, grounded upon the express language of the statute, thus possesses the further advantages of avoiding constitutional infirmity.
We note also that the construction of the veterans’ preference points provision urged by the defendants would yield illogical and inconsistent results. For instance, if the statute permitted the colonel to award two additional points to veterans irrespective of whether they received passing promotional examination scores, the preference points would only assist some veterans. For example, the preference points would assist those veterans who obtained raw examination scores of 68 or 69, because with the addition of the two preference points, those veterans would receive respective scores of 70 and 71, passing scores. The preference points would also assist veterans receiving raw scores of 70 or above because, with the additional points, they would be ranked higher on the eligibility list. However, under this same statutory interpretation, the preference points would not assist a veteran who obtained a raw examination score of 65, for instance, because the two preference points would only bring his score up to a non-passing grade of 67. The application of preference points to this hypothesis would, should defendants’ proposed construction prevail, result in no advantage to veterans - receiving raw examination scores of 67 or below. The inefficacy of that construction suggests its illegitimacy.
Contrary to the incongruous results reached when employing the defendants’ statutory interpretation, a view of the veterans’ preference points provision in the context of the statute’s plain and ordinary meaning results in a logical and consistent application. It is only when a veteran receives a score of 70 or above that the preference points serve a purpose because only then can that veteran be placed on a promotion eligibility-list. Under the interpretation favored here, the preference points assist all veterans who attain passing examination scores because each passing veteran will receive an additional two points which will cause them to be ranked higher on the eligibility list. A veteran who receives a raw score of 71, for instance, may be ranked low on the eligibility list because several non-veterans received raw scores higher than 71. However, when the veterans’ preference points are applied, this veteran would then have a score of 73 and might then be ranked higher on the eligibility list than non-veterans who had received the same or higher raw scores. Hence, the construction of the veterans’ preference points provision that this court adopts yields sensible and consistent results because it extends preferential treatment to all veterans who attain passing promotional examination scores and thus satisfies the statute’s express purpose of assisting passing veterans in the ranking process for promotion eligibility. See Bell v. Treasurer of Cambridge, 310 Mass. 484, 489 (1941) (stating that construction that would lead to absurd and unreasonable conclusion should not be adopted where language is fairly susceptible to con *733 struction leading to logical and sensible result). The court need not, therefore, afford deference to the colonel’s interpretation of this provision. See Correia v. Department of Public Welfare, 414 Mass. 157, 165 (1993) (explaining that deference need not be extended to agency’s unreasonable interpretation of statute).
Finally, the defendants’ contention that G.L.c. 22C, §11, and G.L.c. 31, §26, provide support for their interpretation of G.L. 22C, §26, is without merit. General Laws, c. 22C, §11, requires individuals to pass an examination for appointment for initial enlistment as a uniformed member of the Department. The statute provides that candidates “shall be placed on an eligible list in the order of their respective scores; provided, however, that veterans shall receive two additional points to their score on the examination for the purpose of such eligible list” G.L.c. 22C, §11 (emphasis added). The fact that §11 deals with initial enlistment while the statute at bar, §26, is concerned with subsequent promotion certainly serves to erode defendants’ argument that the latter is controlled by the former. The sections substantively are “apples and oranges.” Additionally, even if the two were of like kind, the language employed by their draftsmen are functionally indistinct and defendants have provided this court with no authority construing §1 l’s phraseology in a manner that would compel this court to abandon its construction of the similar words in §26. Thus, G.L.c. 22C, §11, provides no assistance to the court’s examination of G.L.c. 22C, §26.
Similarly, G.L.c. 31, §26, does not support the defendants’ argument. General Laws, c. 31, §26, provides an order of placement for purposes of an eligible list for individuals seeking promotions in the civil service system. It is the defendants’ contention that the absence of the language which appears in the civil service statute, from the instant veterans’ preference points provision suggests that, unlike the civil service statute, the veterans’ preference points provision at bar does not require veterans to obtain first a passing examination score before receiving additional preference points. That is to say, defendants see the inclusion of “pass first, then points” language in the civil service statute as compelling an opposite construction of the state police statute.
The defendants’ reliance on G.L.c. 31, §26, is, however, misplaced. The language to which the defendants refer does not appear in G.L.c. 31, §26, but rather appears in a separate compilation entitled “Personnel Administrator Rules.” Paragraph 14, subsection 2, of those Rules provides: “[i]n competitive examinations for promotion to any position in the classified official service, the administrator shall add two points to the general average mark obtained by any veteran, as defined in M.G.L.c. 31, §1, providing such veteran has first obtained a passing mark in said examination" (emphasis added). Furthermore, the absence of the above-quoted, underscored civil service language from the veterans’ preference points provision of G.L.c. 22C, §26, does not require that the veterans’ preference points provision be construed as a “points first, then pass” provision. For, as discussed supra, the veterans’ preference points provision contains unequivocal language requiring all individuals, veterans and non-veterans, seeking promotions within the Department to attain a passing promotional examination score before being considered for a promotion and before receiving preference points. Contrary to the defendants’ assertions, the existence of the “pass first, then points” language of the civil service provision actually strengthens this court’s conclusion for the reason that the court has a duty to afford, whenever possible, a statutory construction which produces consistency. Cf. Singer Friedlander Corp. v. State Lottery Comm’n, 423 Mass. at 565 (a statute should be interpreted to produce internal consistency). Therefore, the court’s interpretation of the veterans’ preference points provision in G.L.c. 22C, §26, harmonizes and is consistent with the requirements imposed in other veterans’ preference points provisions, such as that which obtains in the civil service context, because it also requires veterans to attain a passing examination score before receiving preference points.
In sum, the court finds that the plain and ordinary language of G.L.c. 22C, §26, permits veterans’ preference points to be applied only to veterans’ raw promotional examination scores of 70 or above. Accordingly, the colonel’s instant application of the veterans’ preference points provision on a “points first, then pass” basis was erroneous as a matter of law. For the aforestated reasons, with respect to the “points” issue, the plaintiffs’ motion for summary judgment is ALLOWED, and the defendants’ motion for summary judgment is DENIED.
II. The Requirement That the Colonel Fill Vacancies from Current Eligibility Lists Within Sixty Days
On February 14, 1997, the court (Ball, J.) entered a preliminary injunction ordering the colonel, in the absence of an applicable regulation, to fill promotional vacancies from current eligibility lists within sixty days. Since the issuance of that order, on March 7, 1997, the colonel promulgated a regulation, viz, the general order, specifying the time, sixty days, in which he is required to fill promotional vacancies. The plaintiffs contend that the colonel’s general order was not a valid exercise of his authority and that, therefore, the court’s February 14, 1997 order remains in effect.
The colonel promulgated the general order pursuant to G.L.c. 22C, §25, which provides that ”[t]he colonel shall promulgate regulations specifying the time within which any promotional vacancy in the department shall be filled.” By virtue of that statute, the colonel had the authority to promulgate the March 7, 1997 general order. The colonel’s general order has *734 eliminated the need for a preliminary injunction in this matter. This court, therefore, will vacate the February 14,1997 preliminary injunction. Pursuant to G.L.c. 22C, §25, the colonel may fill promotional vacancies in accordance with the general order. In doing so, however, the colonel must use the current eligibility lists in accordance with the provisions of G.L.c. 22C, §26 (an eligible list for promotion “shall be used by the colonel from which to fill vacancies for a period of two years from the initial date of said publication; provided, however, if a new eligible list shall not have been established after such two year period, each such eligible list shall continue to be used by said colonel for promotions until a new eligible list shall have been established”). For the reasons aforestated, with respect to the "general order" issue, the plaintiffs’ motion for summary judgment is DENIED, and the defendants’ motion for summary judgment is ALLOWED in part.[5]
ORDER
For the reasons stated herein, it is hereby ORDERED that a decree be entered DECLARING that;
1. The veterans’ preference points of G.L.c. 22C, §26, as a matter of law, may only be applied to raw written promotional examination scores of seventy percent (70%) or above;
2. The defendants’ action in applying the veterans’ preference points to veterans’ raw written promotional examination scores of less than 70% constituted an error of law;
3. The defendants must maintain and employ the December 7, 1994 and January 4, 1995 eligibility lists for the respective ranks of lieutenant and sergeant until the colonel establishes new eligibility lists for said ranks; and
4. The colonel may fill promotional vacancies from the December 7, 1994 and January 4, 1995 eligibility lists for the respective ranks of lieutenant and sergeant in accordance with Department of State Police General Order 97GO-1, dated March 7,1997. It is also hereby ORDERED that:
1. With respect to the “points” issue, the plaintiffs’ motion for summary judgment is ALLOWED, and the defendants’ motion for summary judgment is DENIED; and
2. With respect to the “general order” issue, the plaintiffs’ motion for summary judgment is DENIED, and the defendants’ motion for summary judgment is ALLOWED in part; and
3. The court’s February 14, 1997 preliminary injunction order is VACATED.

 The Department amended this list on July 23, 1996.

 The court allows the defendants’ motion only in part because the defendants must comply with G.L.c. 22C, §26, which requires that the colonel use the current eligibility lists until he establishes new eligibility lists. At this writing, the court has not been informed that the defendants have established new eligibility lists.