In re Stanley JACK, Debtor.

Sonya Salkin, Trustee, Plaintiff,

v.

Stone Street Capital, Inc., a Pennsylvania Corporation, and Great–West Life & Annuity Insurance Company, a Colorado Corporation, Stanley Jack Trust f/k/a Stanley Jack Revocable Trust, and First Financial Trust, N.A. as Trustee of the Stanley Jack Trust, Defendants.

Bankruptcy No. 01–20172–BKC–RBR.
Adversary No. 03–2010–BKC–RBR–A.

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

June 6, 2003.

John A. Moffa, Sunrise, FL, for Debtor.

Reggie David Sanger, Ft. Lauderdale, FL, for Sonya Salkin, trustee.

*MEMORANDUM OPINION GRANTING DEFENDANT'S STONE STREET CAPITAL, INC.; GREAT–WEST LIFE AND ANNUITY INSURANCE COMPANY; STANLEY JACK TRUST; AND FIRST FINANCIAL TRUST N.A.'S MOTION TO DISMISS*

RAYMOND B. RAY, Bankruptcy Judge.

THIS CAUSE came before the Court upon Defendants' Stone Street Capital, Inc., Great–West Life and Annuity Insurance Company; Stanley Jack Trust and First Financial Trust N.A.'s Motion to Dismiss the Chapter 7 Trustee, Sonya Salkin's Complaint, and the Court having considered the pleadings, stipulated facts and otherwise having been fully advised in the premises it is Ordered and Adjudged as follows:

### FACTS

The Parties stipulated to the following facts as such facts are not in dispute and are set forth in the Complaint or attachments thereto.

1. On June 19, 1992 Stanley Jack, the Debtor in this bankruptcy case, as Settlor and Trustee created the Stanley Jack Revocable Trust Agreement (the "Stanley Jack Trust" or "Trust").

2. The original Trust res was $100.00 and the original beneficiaries of the Trust included Stanley Jack while living, and upon his death, Estella A. Jack Trust and the descendants of Stanley Jack.

3. The Stanley Jack Trust submitted a winning lottery ticket to the Florida Lottery which entitled the Stanley Jack Trust to receive twenty annual prize distributions of $337,000.00.

4. Each annual payment has been made by the Florida Lottery to the Stanley Jack Trust. The Stanley Jack Trust has its own tax identification number, 656097672.

5. The Stanley Jack Trust was amended on December 23, 1992 and amended again in 1997 ("Second Amendment"). The Second Amendment named Stanley A. Jack and First Financial Trust, N.A. as co-trustees, Stanley Jack as a beneficiary with an 83.4% beneficial interest, and the Estella A. Jack Trust as a beneficiary with a 16.6% beneficial interest. The Second Amendment expressly permits assignments by the beneficiaries of their beneficial interests in the Trust.

6. On or about September 20, 1998, Stanley Jack and Estella A. Jack Trust entered into an Assignment Agreement with Stone Street whereby they assigned all of their beneficial interest in the Stanley Jack Trust to Stone Street in exchange for a payment of $2,201,322.00.

7. The Assignment Agreement calculated the Stanley Jack Trusts' remaining res as thirteen remaining lottery payments of $377,000 to be distributed annually, or $4,381,000.00.

8. Stone Streets purchase price of $2,201,322.00 represented the present value of the Stanley Jack Trust proceeds calculated at a discount rate of 11.726%.

9. On September 24, 1998, Great–West entered into an agreement with Stone Street wherein Great–West agreed to purchase Stone Street's beneficial interest in the Trust for $3,060,090.27. The purchase price represented the present value of the Stanley Jack Trust proceeds calculated at a discount rate of approximately 5.5%.

10. On January 11, 2000, Stanley Jack filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Sonya Salkin was appointed as the Chapter 7 Trustee ("Trustee").

11. On January 10, 2003 the Trustee filed a complaint alleging *inter alia*, that the assignment by Stanley Jack of his beneficial interest in the Stanley Jack Trust is void pursuant to Section 24.115 of the Florida Public Education Act and seeking return of all funds received by the Stanley Jack Trust and subsequently disbursed to Stone Street and/or Great–West as assignees of Stanley Jack's beneficial interest in the Trust.[1]

### CONCLUSIONS OF LAW

■ The central issue in this case is whether the Debtor's assignment of his beneficial interest in the Stanley Jack Trust to Stone Street Capital, Inc. and/or Great–West Life and Annuity Insurance Company constituted a prohibited transfer under Florida Statute § 24.115, as it existed at the time of the transfer, and whether the transfer was, therefore, void as a matter of law.

As the facts set forth above are not in dispute, the issue presented is purely one of law and the result is dictated by well established canons of statutory construction.

■ The applicable Florida Statute at the time of the assignment of the beneficial interest in the trust, Fla. State. 24.115 provided in pertinent part:[2]

The right of any person to a prize shall not be assignable. However, the prize may be paid to the estate of a deceased person designated pursuant to an appropriate judicial order.

It is a well settled canon of statutory construction that when the language of a statute is clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning without resorting to other rules of statutory interpretation or legislative history. *Florida Convalescent Centers v. Somberg*, 840 So.2d 998 (Fla.2003); *Rollins v. Pizzarelli*, 761 So.2d 294 (Fla.2000). Moreover, the Florida Supreme Court has admonished that an interpretation of a statute cannot be based on the court's own view of the best policy. *Rollins*, 761 So.2d at 297. An additional and important rule of statutory construction is that statutory provisions altering common-law principles must be narrowly construed. *Id.* at 300.

The issue presented in this case is whether the statute somehow precludes the holder of a beneficial interest of a trust from assigning his beneficial interest to a third party if the trust res is lottery proceeds. Applying the requisite rules of statutory construction, the Court holds that such an assignment is not precluded under Section 24.115, Fla.Stat.

The language of the statute is clear and unambiguous and conveys a definite meaning that the only prohibited assignment is the lottery prize recipient's right to receive the lottery prize. The statutory definition of a "person" "includes an individual, firm, association, joint venture, partnership, estate, *trust*, syndication, fiduciary, corporation, or other group or combination and shall include any agency or political subdivision of the state." Fla.Stat. § 24.103(4). Accordingly, a trust may claim a lottery prize pursuant to the lottery act.

The statute in no way precludes a trust beneficiary from assigning or otherwise hypothecating his interest in the trust, nor

---

1. The Trustee also alleged a count for fraudulent conveyance which was voluntarily dismissed by the Trustee.

2. The result of this case would not be different under the current statute as the pertinent language is the same, although the statute has been amended to permit direct assignments of lottery prizes under certain circumstances not relevant here.

would it preclude a shareholder of a corporation, which had won a lottery prize, from selling, assigning or otherwise hypothecating his shares in the corporation. If the Florida legislature had intended to preclude such alienation of property interest, it plainly could have included such language in the statute.

■ The preclusion of a trust beneficiary's right to assign his interest would constitute an alteration of the common law principle allowing the free alienation of property and, accordingly, any statutory provision abrogating that right must be narrowly construed. *Rollins v. Pizzarelli*, 761 So.2d 294 (Fla.2000).

■ There is no dispute that the Trust in the case, the Stanley Jack Trust, as amended, is a valid express trust created in 1992 by Stanley Jack as Settlor and Trustee. Fla.Stat. § 689.075(1) (stating that *inter vivos* trusts are valid even where settlor is sole trustee and beneficiary, and retains the right to modify or amend the trust). Florida law permits the assignment of beneficial interests in a trust and the Stanley Jack Trust expressly permitted the trust beneficiaries to assign their beneficial interests. *Allender v. First Federal Sav. & Loan Ass'n of Titusville*, 389 So.2d 1226, 1227 (Fla. 5th DCA 1980).

The plain language of the statute does not apply to Stanley Jack's sale of his beneficial interest in the Trust as the applicable provision only precludes the assignment of any person's right to a *prize*. The assignment of the beneficial interest was not an assignment of the prize itself as the prize was claimed by the Stanley Jack Trust, not Stanley Jack individually. The lottery proceeds have always been paid to the Stanley Jack Trust, not to the Debtor, and the lottery prize itself was never transferred to the Debtor or assigned by the Debtor or any other person.

This Court is not aware of any decisions from other jurisdictions, with similar statutory provisions, which are inconsistent with the result reached in this case. *R & P Capital Resources, Inc. v. California State Lottery*, 31 Cal.App.4th 1033, 37 Cal. Rptr.2d 436 (3d Dist.1995); *Matter of Lotto Jackpot Prize of December 3, 1982*, 533 Pa. 402, 625 A.2d 637 (1993); *Walker v. Rogers*, 272 Ill.App.3d 86, 208 Ill.Dec. 815, 650 N.E.2d 272 (4th Dist.1995); *Singer Friedlander Corp. v. State Lottery Commission*, 423 Mass. 562, 670 N.E.2d 144 (1996); *Converse v. Lottery Commission*, 56 Wash.App. 431, 783 P.2d 1116 (1989); *Petition of Singer Asset Finance Co., LLC*, 314 N.J.Super. 116, 714 A.2d 322 (App.Div.1998); and *Bach Investment Co. v. Philip*, 722 So.2d 1222 (La.App.1998).

Here, there is a valid Florida Trust which was created to accept the lottery prize and there is no allegation of fraud on the part of the Debtor or the Defendants to the adversary. Stone Street Capital, Inc. is in the business of purchasing interests in awards, annuities and other streams of income and paying lump sums for such interests at an agreeable discount rate. There is nothing inherently impermissible in such an enterprise and it is common in today's market place. Stone Street was not assigned the lottery prize, it was assigned Stanley Jack's beneficial interest in the Stanley Jack Trust.

Based upon the agreed facts and the clear and unambiguous statutory language, this Court holds that Stanley Jack, as a beneficiary of the Stanley Jack Trust, had the right to assign, sell or otherwise hypothecate his beneficial interest in the Trust and such assignment is not violative of Florida Statute § 24.115. Such an assignment does not constitute an assignment of the prize itself. Under common law, the owner of a beneficial interest in a

trust, like a shareholder in a corporation, has the right to assign, sell or otherwise transfer his interest, including circumstances in which the assets of the trust are lottery prize payments. A contrary interpretation of Florida Statute 24.115 would be nothing short of creating statutory language, a practice prohibited by the well established axioms of statutory construction.

Based upon the foregoing, Defendants' Motion to Dismiss Counts I, II, III is granted.

DONE and ORDERED in Chambers, in Fort Lauderdale, Broward County, Florida on this 6 day of June, 2003.