■ GIULIO MARIANI, Respondent, v HUGH DYER, Appellant. [597 NYS2d 358] —Judgment of the Supreme Court, Bronx County (Howard R. Silver, J.), entered March 18, 1992 upon a previous order entered November 8, 1991 granting plaintiff summary judgment, which directs that plaintiff recover from defendant the amount of $30,000 plus interest, costs and disbursements, unanimously affirmed, without costs.

The parties entered into a written agreement dated November 14, 1988 which recites that defendant has retained plaintiff in the capacity of "an advisor/consultant to the owner and General Contractor" in connection with construction work on a building used by defendant for the operation of a private school. Contemporaneously with the agreement, which recites only nominal consideration for plaintiff's services, defendant executed two promissory notes, payable to plaintiff or bearer, each in the amount of $15,000.

The verified complaint dated January 4, 1991 seeks to recover on the instruments and on the contract. The verified answer interposes affirmative defenses of fraud, fraud in the inducement and undue influence. In the affidavit in support of his motion for summary judgment, plaintiff states that the notes were presented to defendant for payment in May 1990 at which time defendant gave him a check for $10,000 to be held without being deposited because defendant "was in the process of obtaining financing". Defendant, in his affidavit in opposition, does not deny writing the check but contends that it was issued in May 1989, not May 1990, and "was stopped because Mr. Mariani went to Italy." The affidavit charges that plaintiff inadequately performed the duties required of him, that plaintiff was "to function as a general contractor" but frequently "absented himself leaving the job unsupervised." Included with defendant's opposing papers is a letter dated June 7, 1989 stating "you cannot be in Italy and supervise my job in New York" and, "I will be authorizing the bank to stop payment on the undated check I gave to you". In fact, bank

documents included in the record indicate that the check was not stopped, as alleged, but was returned for "insufficient funds" in December 1990.

As this Court noted in *Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, *affd without opn* 29 NY2d 617), an affidavit showing due execution and default in payment on a promissory note, neither of which is disputed here, establishes a prima facie case, and a plaintiff is entitled to summary judgment unless the defendant submits evidentiary proof sufficient to raise a triable issue with respect to the asserted defenses. In response to plaintiff's action, defendant has raised defenses which "are either precluded by the terms of the contract * * * or lack any substantiation of the conclusions asserted" (31 AD2d, *supra*, at 139).

In attacking the validity of the contract, defendant has advanced only vague allegations of fraud, fraud in the inducement and undue influence, entirely lacking in detail and insufficient as a matter of law (CPLR 3016 [b]; *Mix v Neff*, 99 AD2d 180, 183; *compare, Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57). Defendant does not state what misrepresentations were made in order to induce him to enter into the agreement *(compare, Sabo v Delman*, 3 NY2d 155), nor does he state what damages were sustained as a result of any misrepresentation. Thus, defendant has failed to "allege with specificity an inducement which caused a change in his position and injury which was sustained as a consequence" *(Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 214) and has failed to meet the applicable standard of pleading *(Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 257). The agreement is plain and unambiguous in its meaning, defendant is presumed to have read it, and he may not claim reliance on oral representations which contradict its terms *(Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952).

Defendant's position on the contract is that plaintiff failed to perform services which the agreement expressly states that he is not obliged to perform: "[Mariani] is not acting in a capacity of a General Contractor or Subcontractor for such construction job nor is he the Supervisor or Foreman of such job, but is merely an advisor/consultant to the owner and General Contractor." Equally lacking in merit are defendant's complaints relating to cost overruns and asserted defects in the construction work. Under the terms of the agreement, plaintiff assumes no responsibility for any such items, and defendant presents no theory under which liability might be imposed.

Defendant's affidavit fails to allege a single instance of advice rendered by plaintiff which resulted in any loss to defendant. Thus, even if plaintiff's action sounded entirely in contract, in the absence of an allegation that plaintiff failed to provide the consulting services specified in the agreement or rendered advice which was so deficient that plaintiff cannot be said to have substantially performed the specified services, no defense is stated. The gravamen of defendant's position is that, in contravention of the express terms of the written contract, plaintiff was to function as a general contractor and supervisor on the construction project and that the writing is therefore fraudulent because it does not reflect defendant's perception of the services to be provided by plaintiff. Thus, defendant asks the court to substitute for the written instrument a contemporaneous or prior oral agreement at considerable variance with its terms. Any proffered evidence of such oral agreement, however, runs afoul of the parol evidence rule and must be excluded *(Marine Midland Bank Bank-S. v Thurlow,* 53 NY2d 381, 388; *Potsdam Cent. Schools v Honeywell, Inc.,* 120 AD2d 798; Fisch, New York Evidence § 41 [2d ed]; Richardson, Evidence § 601 [Prince 10th ed]).

We note that, upon a motion to reargue the grant of summary judgment to plaintiff, defendant submitted an affidavit of the president of the construction company which performed the work on defendant's building. It is alleged, for the first time, that in the two years of construction "plaintiff did not come at all to the construction site, nor did the plaintiff render any services as an advisatory *[sic]* consultant with respect to the construction." Defendant does not contend this information was unknown at the time of his original motion. In the absence of any excuse why this affidavit was not previously submitted, the application was properly characterized as one seeking reargument *(Foley v Roche,* 68 AD2d 558, 568). No appeal lies from the denial of a motion to reargue *(Cross v Cross,* 112 AD2d 62). Nor is it an appropriate vehicle "to advance arguments different from those tendered on the original application" *(Foley v Roche, supra,* at 568; *Simpson v Loehmann,* 21 NY2d 990). Defendant's belated offer of proof concerns matter extraneous to the instruments sued upon, is conclusory and unsupported by documentary evidence *(Seaman-Andwall Corp. v Wright Mach. Corp., supra).* Moreover, the allegation of non-performance is entirely inconsistent with defendant's tender of partial payment to plaintiff in the form of a check for $10,000 which, as noted, was returned for insufficient funds. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.