■ DENNIS MCCLINCHY, Appellant, v NATIONAL RAILROAD PASSENGER CORPORATION, Respondent. [603 NYS2d 321] —Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 18, 1992, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from the order of the same court and Justice, entered October 13, 1992 which, *inter alia,* denied plaintiff's motion for reargument (designated a motion for "renewal and/or reargument"), unanimously dismissed, without costs, on the ground that no appeal lies from the denial of a motion to reargue.

We agree with the IAS Court that the mere existence of water on railroad tracks, located below the street level of a train terminal where it is subject to freezing, is insufficient to raise the issue of whether the tracks were hazardous. Furthermore, even if the condition is presumed hazardous, there is no evidence to establish that defendant had actual or constructive knowledge of such condition to impose liability under the Federal Employers' Liability Act (45 USC § 51 *et seq.; Gallose v Long Is. R. R. Co.,* 878 F2d 80, 85, citing, *inter alia, O'Hara v Long Is. R. R. Co.,* 665 F2d 8, 9).

Plaintiff's motion to reargue was properly denied. The reasons advanced in support of the motion—that Supreme Court misapplied the standard for recovery under the act and that it failed to mention the ambient lighting conditions—assert that the court misapplied a controlling principle of law or misapprehended a material fact and, thus, the application clearly seeks reargument *(Schneider v Solowey,* 141 AD2d 813). Plaintiff's conclusory allegation, contained in his affidavit in support of reargument, that it was "common knowledge" that there were "leaky pipes" in the terminal does not render his

application one for renewal. Even crediting the allegation as material to the conditions at the scene of his fall, plaintiff has supplied no excuse why this affidavit was not previously submitted *(Mariani v Dyer,* 193 AD2d 456, 458), and it is not alleged that he was unaware of this information at the time of the original motion *(Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 27, *lv denied in part and dismissed in part* 80 NY2d 1005). Concur—Murphy, P. J., Kupferman, Ross and Rubin, JJ.