■ MARVIN H. WOLF, Respondent, v ERNESTO BRACH, Appellant, and CADLE COMPANY, Respondent, et al., Defendant. [660 NYS2d 430] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 4, 1996, which, in an interpleader action involving the assignability of a lottery prize, *inter alia*, granted defendant-respondent's motion for summary judgment on its cross claim against defendant-appellant, bringing up for review a prior order of the same court and Justice, entered on or about March 15, 1996, *inter alia*, denying defendant-respondent's motion to serve an amended answer, unanimously modified, on the law and the facts, to permit defendant-appellant's service of an amended answer asserting Tax Law § 1613 (a) and 21 NYCRR 2803.11 as a defense to the security agreement under which respondent claims a right to $170,000 of appellant's $285,715 annual installment on a $6 million lottery prize, to vacate the second decretal paragraph directing appellant to pay respondent $170,000 a year until appellant's $2,419,046.55 debt to respondent is paid, and, upon a search of the record, to dismiss such of respondent's cross claims against appellant and counterclaims against plaintiff stakeholder as are based on a security interest in the proceeds of appellant's lottery prize, and otherwise affirmed, without costs. Judgment, same court and Justice, entered December 17, 1996, in favor of defendant-respondent and against defendant-appellant in the principal amount of $2,419,046.55, plus interest and costs, unanimously affirmed, without costs.

We agree with Supreme Court that appellant failed to raise

any defenses to the note in issue (*see, Mariani v Dyer*, 193 AD2d 456, 457, *lv denied* 82 NY2d 658; *Bank Leumi Trust Co. v Rattet & Liebman*, 182 AD2d 541), including the corporate obligor's bankruptcy and the claim that appellant was defrauded by the payee on the note into giving the latter a security agreement pledging $170,000 of appellant's $285,715 annual lottery prize installment as security for the loan. Accordingly, respondent was properly granted summary judgment on its cross claim against appellant on the note. However, in the context of the interpleader action, we agree with appellant that the security agreement is void insofar as it pledges future installments on appellant's lottery prize. Tax Law § 1613 (a) requires that lottery prizes be paid only to the holders of winning tickets unless there is an "appropriate judicial order" authorizing payment to another person, and 21 NYCRR 2803.11 provides that "[n]o right of any person to a prize shall be assignable * * * except that any person, pursuant to an appropriate judicial order, may be paid the prize to which the winner is entitled" (*see, McCabe v Director of N. J. Lottery*, 143 NJ Super 443, 363 A2d 387; *Converse v Lottery Commn.*, 56 Wash App 431, 783 P2d 1116).

While the proscription against assignment renders the pledged collateral defective, it does not operate to impair the validity of the note, which may be enforced against appellant's assets. Lottery proceeds are an obligation of the State subject to attachment (CPLR 6202) and are not "exempt from application to the satisfaction of the judgment" (CPLR 5201 [a]). An order of attachment is "an appropriate judicial order" within the meaning of Tax Law § 1613 (a) and may be enforced against payments due or to become due. We have considered appellant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.