■ LEONARD MORREALE et al., Appellants, v JEFF PERLEE, as Director of the New York Lottery, Also Known as New York State Division of Lottery, et al., Respondents, and MET LOTTERY TRUST 1997—4P, Intervenor-Respondent, et al., Respondents. [698 NYS2d 675] —Judgment, Supreme Court, New York County (William Davis, J.), entered March 30, 1999, which, in a proceeding pursuant to CPLR 5239, declared that petitioner judgment creditors' right to future payments of respondent judgment debtor's New York State lottery prize are subordinate to respondent assignees' right to such payments, unanimously affirmed, without costs.

The IAS Court correctly held that Tax Law § 1613 (a) and 21 NYCRR 2803.11 unambiguously allow for voluntary assignment of lottery prizes "pursuant to an appropriate judicial order" (*see, Matter of Guri*, 247 AD2d 388; *cf., Wolf v Brach*, 241 AD2d 417, *lv dismissed* 90 NY2d 1008, 91 NY2d 866), that the question of whether a particular assignment was made pursuant to an appropriate judicial order is to be decided initially by respondent Lottery Division (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438), and that the Lottery Division's acceptance of the challenged assignments as having been made pursuant to appropriate judicial orders was not arbitrary and capricious. Petitioners having levied upon their judgment after the challenged assignments were made, and there being no issue raised as to whether fair consideration was given for the assignments, the IAS Court correctly declared that petitioners' rights in the prize are subordinate to respondent assignees' rights. We have considered petitioners' other arguments and find them unavailing. Concur—Ellerin, P. J., Rosenberger, Tom, Andrias and Buckley, JJ.