# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia,
State Lottery Department, et al.

v.

Settlement Funding, L.L.C., et al.

November 7, 2005

Case No. CH-2003-183848

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on September 30, 2005, on defendant Carla Von Neumann Lillie's "Demurrer to Cross-Bill Filed by Settlement Funding." At that time, the court took the demurrer under advisement. I have now had the opportunity fully to review the briefs and the arguments of counsel. For the following reasons, the Court will sustain Ms. Lillie's demurrer to Settlement Funding, L.L.C.'s cross-bill.

*Background*

In November 1996, the defendant Carla Von Neumann Lillie won the lottery. Specifically, she won the Virginia Lottery's "Money for Life" prize, entitling her to payments of $1,000 per month for the rest of her life.

On February 19, 1999, Lillie executed a promissory note to WebBank Corporation in the original principal amount of $29,000. Lillie agreed to repay the note in 178 monthly installments of $500 each. (An "Interest Rate Disclosure and Itemization" form that Lillie signed indicated that the interest rate on the loan was 19.561% per year.) Lillie also executed a loan agreement under which

she granted the lender a security interest in her right to receive the payments due her from the Virginia Lottery (the "Lottery"). The security interest was perfected by the filing of U.C.C. financing statements with the State Corporation Commission. The original lender, WebBank Corporation, assigned its interest in the loan to the defendant Settlement Funding, L.L.C., doing business as Peachtree Settlement Funding ("Settlement Funding").

In August 2001, Settlement Funding notified the Lottery that Lillie had defaulted on the loan. Settlement Funding asked that any future prize payments due to Lillie be paid to it pursuant to its security interest.

The Lottery maintained that lottery prizes are not assignable under Va. Code § 58.1-4013 and commenced this interpleader action in the Circuit Court of the City of Richmond on September 14, 2001. The case was then transferred to this court in 2003. The prize payments have been since paid into the Clerk of the Court's escrow account.

In its cross-bill[1] against Lillie, Settlement Funding asks for a declaration that its security interest is valid and enforceable and that Settlement Funding is entitled to Lillie's prize money in accordance with its loan agreement. In addition, Settlement Funding asks for a judgment against Lillie for compensatory damages in an unspecified amount.

## Arguments

Lillie demurs to the cross-bill, arguing that the "contract upon which Settlement Funding relies on [sic] to support its contract [sic] is void as violative of Virginia law and public policy." Demurrer, & 2.

Lillie argues that, in 1999, when the loan documents were executed, Va. Code § 58.1-4013 provided that "no right of any person to a [lottery] prize drawn shall be assignable." The only exceptions at that time were payments to a deceased winner's designated beneficiaries or estate and payments ordered by a court.

In 2003, the statute was amended. The current statute permits certain lottery prizes to "be voluntarily assigned or pledged as collateral for a loan, in whole or in part" by written contract if all other requirements of the statute are met and the agreement is "endorsed by written order of a court of competent jurisdiction after a hearing." Va. Code § 58.1-4020.1(A). Even under the

---

[1] Settlement Funding filed a cross-bill against Lillie on October 31, 2001, when the case was pending in the Circuit Court of the City of Richmond. Settlement Funding filed a second cross-bill against Lillie in this court on May 23, 2005. It is the second cross-bill that is the subject of the instant demurrer.

liberalized statute, however, Lillie's assignment of her lottery winnings to Settlement Funding would be prohibited. The statute specifically excludes "prizes payable for the winner's life." In addition, the interest rate for any loan secured by an assignment of lottery winnings may not exceed 15 percent.

In its cross-bill, Settlement Funding alleges that:

> Under Va. Code Ann. § 8.9A-406(f), a restriction contained in a statute that prohibits or restricts the creation of a security interest in an account is ineffective. Therefore, the prohibition found in Va. Code Ann. § 58.1-4013 is ineffective as a matter of clear statutory law. . . .

Cross-Bill, & 14. Section § 8.9A-406(f) is part of Virginia's Uniform Commercial Code. It provides that, with certain exceptions, "a rule of law, statute, or regulation that prohibits, restricts, or requires the consent of a government, governmental body or official, or account debtor to the assignment or transfer of, or creation of a security interest in, an account or chattel paper" is ineffective. See Va. Code § 8.9A-406(f).

## Discussion

There is very little Virginia case law interpreting the provisions of § 58.1-4013 in the context of a voluntary assignment of prize money by a lottery winner. See *Hughes v. Cole*, 251 Va. 3 (1996) (distinguishing a voluntary assignment of lottery winnings from a court-ordered payment of attorney's fees from lottery winnings to the former attorneys of a claimant to a disputed prize). In *Abbott v. Thorson*, 28 Va. Cir. 342 (City of Richmond, 1992), the court opined that § 58.1-4013 "evinces a strong legislative policy against assignments of lottery winnings."

In those states that have statutes similar to § 58.1-4013, courts have invalidated a security interest in lottery prize money that was not approved in advance by a court. For example, in *In re Fraden*, 317 B.R. 24 (Bankr. D. Mass. 2004), the bankruptcy court interpreted a Massachusetts law similar to the Virginia statutory scheme in effect in 1999. The court held that the debtor's grant of a security interest in his prize winnings without court approval was not valid. The creditor was deemed to have an unsecured claim. The *Fraden* court noted "Courts in other jurisdictions with similar anti-assignment provisions have likewise held that granting a security interest in lottery winnings as collateral violates the prohibition against voluntary assignment of lottery payments." *Id.* at 36, n. 27, citing *Singer Asset Fin. Co. v. Duboff Family Inv.* (*In re Duboff*), 290

B.R. 652, 656 (Bankr. C.D. Ill. 2003); *Midland States Life Ins. Co. v. Hamideh*, 311 Ill. App. 3d 127, 724 N.E.2d 32, 36 (1999); *Converse v. State Lottery Comm'n*, 56 Wash. App. 431, 783 P.2d 1116, 1118-19 (1989); *Wolf v. Brach*, 241 A.D.2d 417, 418, 660 N.Y.S.2d 430 (N.Y. App. 1997).

Settlement Funding argues that § 8.9A-406(f) prevails over § 58.1-4013. Va. Code § 8.9A-406(f) states:

> Except as otherwise provided in §§ 8.2A-303 and 8.9A-407 and subject to subsections (h) and (i), a rule of law, statute, or regulation that prohibits, restricts, or requires the consent of a government, governmental body or official, or account debtor to the assignment or transfer of, or creation of a security interest in, an account or chattel paper is ineffective to the extent that the rule of law, statute, or regulation:
>
> (1) prohibits, restricts, or requires the consent of the government, governmental body or official, or account debtor to the assignment or transfer of, or the creation, attachment, perfection, or enforcement of a security interest in the account or chattel paper; or
>
> (2) provides that the assignment or transfer or the creation, attachment, perfection, or enforcement of the security interest may give rise to a default, breach, right of recoupment, claim, defense, termination, right of termination, or remedy under the account or chattel paper.

Settlement Funding's argument ignores the fact that § 8.9A-406(f) was not in effect in 1999 when Lillie signed the loan agreement. At that time, former § 8.9-318 was the applicable statute. Under that statute, only *contractual terms* restricting assignment were deemed ineffective, not statutory provisions.

Former § 8.9-318(4), which was repealed effective July 1, 2001, read: "A term in any contract between an account debtor and an assignor is ineffective if it prohibits assignment of an account or prohibits creation of a security interest in a general intangible for money due or to become due or requires the account debtor's consent to such assignment or security interest." See Official Comment 6 to Code § 8.9A-406(f).

If, as Settlement Funding contends, § 8.9A-406(f) is applicable in this case, the court would need to resolve its apparent conflict with the provisions of § 58.1-4013.

As a general rule of statutory construction, "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where

they conflict, the latter prevails." *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340 (1979). "If a later statute does not by its terms or by necessary implication repeal entirely a former one *in pari materia*, yet if it clearly appears that the later statute was intended to furnish the only rule to govern a particular case, it repeals the former to that extent." *Standard Drug Co. v. General Electric Co.*, 202 Va. 367, 379 (1960). See also *South Norfolk v. Dail*, 187 Va. 495, 500 (1948). If possible, a court must harmonize apparently conflicting statutes to give effect to both. *Phipps v. Liddle*, 267 Va. 344, 346 (2004). In resolving any such statutory conflict, the court considers "the occasion and the reason of the enactment, the letter of the act, the context, the spirit of the act, the subject matter, and the provisions of the act." *Standard Drug*, 202 Va. at 379.

Applying those rules of statutory construction to the present case, the court concludes that § 58.1-4013 prevails over any conflicting provision of § 8.9A-406(f).

The U.C.C. provision restricting legal prohibitions on assignment of accounts, § 8.9A-406(f), became effective July 1, 2001. The statute prohibiting assignment of lottery prizes, § 58.1-4013(A), was first adopted in 1987 and then amended in 2003 to cross-reference the newly-enacted § 58.1-4020.1 permitting collateral assignments of lottery winnings with court approval. It is presumed that, in 2003, when the General Assembly adopted § 58.1-4020.1 and amended § 58.1-4013, it was aware of the provisions of § 8.9A-406(f). It clearly appears that the later statute was intended to furnish the only rule to govern the assignment of lottery prize money as collateral for a loan.

The Court holds that Settlement Funding's security interest in Lillie's right to receive payments from the Lottery is not valid pursuant to § 58.1-4013.

Lillie also demurs to the cross-bill on the grounds that Settlement Funding is not qualified to do business in Virginia and that there was a failure of both a condition precedent and a condition subsequent to Lillie's liability to Settlement Funding. Those issues are not reachable by demurrer and should be raised in a plea in bar or at trial.

## Conclusion

For the foregoing reasons, the Court will enter an order sustaining Lillie's demurrer to Settlement Funding's cross-bill to the extent Settlement Funding asks for a declaration that it has a valid security interest in Lillie's lottery winnings. The funds held by the Clerk of the Court shall be returned to Lillie. The Lottery will be directed to resume sending Lillie's lottery winnings directly to her.

Settlement Funding shall be granted leave to file an amended cross-bill against Lillie seeking a money judgment for a specific sum due under the note and loan agreement.