**In re Lloyd Stevenson MILLER, Sr., Debtor.**

**Bankruptcy No. 80–2–1079–L.**

United States Bankruptcy Court, D. Maryland.

Jan. 22, 1982.

Ann C. McLaughlin, Hessian, Inglehart & McLaughlin, Towson, Md., for debtor.

Lloyd O. Whitehead, Salisbury, Md., trustee.

## MEMORANDUM AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

HARVEY M. LEBOWITZ, Bankruptcy Judge.

In this case the Court is called upon to determine the ultimate winner of a $60,-000.00 prize in the Maryland State Lottery

TV Big Money Game. It is undisputed that on July 18, 1979, the Debtor, Lloyd S. Miller, Sr., won $60,000.00 payable in ten annual installments of $6,000.00 out of an annuity contract purchased by the State Lottery Agency from The Mutual Benefit Life Insurance Company.

On June 25, 1980, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Among his assets, the Debtor's Schedule B–2 lists the following: "Maryland State Lottery—$6,000 per year for 9 years, Mutual Beneficial Life Insurance Co. $54,000.00." The Debtor's Schedule B–4 claims $7,860.00 of these winnings as exempt under 11 U.S.C. § 522(d)(5) (Supp. IV 1980), and the balance of $46,-140.00 as exempt under § 522(d)(10). On February 3, 1981, the Trustee filed an "Objection to Debtor's Claim of Exemptions" on the basis that none of the lottery winnings were exemptable under either § 522(d)(5) or § 522(d)(10).

The Trustee's objection came on for hearing in open court on March 10, 1981. At that time, the Court heard argument by the Trustee and Debtor's counsel, Anne C. McLaughlin. At the conclusion of the hearing the Court ruled from the bench that the exemption under § 522(d)(5) was valid, and overruled the objection to the Debtor's exemption of $7,860.00 of the lottery winnings under that subsection. Although the Court indicated from the bench that the Trustee's objection to the exemption of the balance of the winnings under § 522(d)(10) should be sustained, the Court held this latter question *sub curia* in order to afford counsel the opportunity to submit legal memoranda should they desire to do so. Debtor's counsel filed a timely memorandum. The Trustee, however, has apparently chosen to rely upon his oral argument rather than file a memorandum. After careful consideration of the evidence together with the argument and memorandum of counsel, the Court is prepared to rule. The Trustee's objection to the exemption of $46,140.00 under § 522(d)(10) will be sustained.

■ It is beyond question that the Debtor's interest, albeit in some respects a future interest, in the lottery winnings became property of the estate upon the filing of his petition for relief under Chapter 7 of the Bankruptcy Code. The scope of § 541(a) is broad and all embracing. *In re Ford*, 3 B.R. 559, 568–70 (Bkrtcy., D.Md. 1980), *aff'd per curiam sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). *Cf. In re Ryan*, 15 B.R. 514 Bankr.L.Rep. (CCH) ¶ 68,466 (Bkrtcy., D.Md.1981). The Court is unconvinced that lottery winnings payable pursuant to an annuity contract are subject to a "restriction on the transfer of a beneficial interest of the debtor in a trust" within the meaning of the § 541(c)(2) limitation on the scope of § 541(a). Congress intended § 541(c)(2) to preserve "restrictions on transfer of a spendthrift trust." H.R. Rep.No. 95–595, 95th Cong., 1st Sess. 369 (1977); S.Rep.No. 95–989, 95th Cong., 2nd Sess. 83 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Thus, the Debtor's interest in the lottery winnings are property of the estate subject to any valid exemption.

■ The Debtor asserts that the lottery winnings are exempt under § 522(d)(10) because the State purchased an annuity contract for the benefit of the Debtor. The Court disagrees. The Code expressly provides that the only form of annuity contract subject to exemption is one "on account of illness, disability, death, age, or length of service." 11 U.S.C. § 522(d)(10)(E) (Supp. IV 1980).[1] This is not such an annuity

---

1. The full text of § 522(d)(10)(E) provides as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

. . . .

(10) The Debtor's right to receive—

. . . .

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or con-

tract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

contract, and is therefore not exempt under § 522(d)(10).

For the above reasons, it is this 22nd day of January, 1982 by the United States Bankruptcy Court for the District of Maryland,

ORDERED that the Debtor's exemption of $7,860.00 in lottery winnings under 11 U.S.C. § 522(d)(5) (Supp. IV 1980) should be, and the same is hereby ALLOWED; and it is

FURTHER ORDERED that the Debtor's exemption of $46,140.00 in lottery winnings under 11 U.S.C. § 522(d)(10) (Supp. IV 1980) should be, and the same is hereby DISALLOWED; and it is

FURTHER ORDERED that a copy of this Order on Trustee's Objection to Debtor's Claim of Exemptions be mailed forthwith by the Clerk of the Court by regular mail to all counsel of record.

(ii) such payment is on account of age or length of service; and
(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409). It is clear from § 522(d)(10)(E) that Congress intended limitations other than the one relied upon by the Court in the instant case. Other factors a Court may have to consider are whether a § 522(d)(10)(E) payment is to some extent reasonably necessary for the support of the Debtor and his dependents, and whether the restrictions set out in subsections (i), (ii), and (iii) are applicable. The Court need not consider these latter limitations in this case because the annuity is not one on account of illness, disability, death, age, or length of service. *See generally* 3 Collier on Bankruptcy ¶ 522.19 (15th ed. 1981).