**In re Joseph E. BROWN and Kimberly J. Brown, Debtors.**

**Gary D. BOYN, Trustee, Plaintiff,**

v.

**Joseph E. BROWN and Kimberly Jo Brown, Defendants.**

**Bankruptcy No. 86–30944. Adv. No. 86–3175.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Feb. 10, 1988.

Gary D. Boyn, Warrick, Weaver & Boyn, Elkhart, Ind., for trustee/plaintiff.

R.W. Chamblee, Jr., South Bend, Ind., for defendants.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

This matter comes before the court on Gary D. Boyn's, (Trustee) Complaint for Turnover of Property. The parties stipulated the facts and agreed to submit this case on briefs.

## STIPULATION OF FACTS

1. The Plaintiff is Trustee of the above-captioned bankruptcy case, duly qualified and acting.

2. The Defendants filed their voluntary petition herein on July 17, 1986.

3. Prior to filing bankruptcy, the Defendant, Joseph E. Brown, won a $1.5 million Arizona state lottery drawing ("the lottery").

4. Joseph E. Brown was paid an initial distribution of $39,500.00 from the lottery and spent said sum prior to filing for the bankruptcy.

5. The balance of the lottery winnings are payable to Joseph E. Brown as beneficial owner of John Hancock Mutual Life Insurance Company Annuity, annuity number LA000240, which pays to him $1,000.00 weekly for 948 weeks, commencing on May 1, 1986.

6. Joseph E. Brown did not have the right to elect to receive a full cash payment rather than weekly payments under the annuity contract.

7. Defendant Joseph E. Brown did not have the right to negotiate or dictate the terms of the annuity contract.

8. The Plaintiff made demand upon Defendant Joseph E. Brown for surrender of possession of the payments as and when received pursuant to the annuity contract, and Defendant Joseph E. Brown failed and refused to comply with the Plaintiff's demand.

9. Defendant Kimberly J. Brown is the wife of Defendant Joseph E. Brown and is the named beneficiary of the above-mentioned John Hancock Mutual Life Insurance Company annuity.

10. The Defendants' bankruptcy schedules show that there are no priority claims, $19,116.07 in secured claims, and $62,388.49 in unsecured claims. All other property in the Defendants' estate has been exempted or is abandonable by the Plaintiff due to outstanding liens.

11. The parties agree that there are no other facts which are relevant in this action, and that this case shall be submitted to the Court for decision based upon the foregoing Stipulation of Facts, without further testimony and upon the Court's consideration of briefs to be filed herein.

The Trustee seeks turnover of the weekly $1,000.00 annuity payments sufficient to pay off Debtors' creditors. There exists scant case law for the court to base its decision upon. One case cited by the Trustee for the proposition that lottery annuity payments are subject to turnover is *In re Koonce*, 54 B.R. 643 (Bankr.D.S.C. 1985). In *Koonce*, the court held that lottery payments, which are property of the estate, may be used to satisfy Chapter 13 creditors in full, where the change in income is dramatic and the case has not been closed, dismissed, or converted. *Id.* Such a finding is understandable given the policy concerns behind Chapter 13, where a Debtor makes his or her best effort to repay creditors over approximately three years. 11 U.S.C. § 322.

The case at bar, however, is a Chapter 7, where a trustee liquidates the assets of the estate, and after allowing exemption that the debtor may be entitled to, pays a dividend to creditors. The policy concerns of Chapter 7 are different from those of Chapter 13. Nonetheless, the lottery winnings are property of the estate. *In re Miller*, 16 B.R. 790, 791 (Bankr.D.Md.1982). Lottery winnings are unlike future wages, which are not property of a Chapter 7 bankruptcy estate, because Debtor has a present contractual right to receive future lottery payments, whereas he must earn future wages. The court further finds that lottery winnings payable pursuant to an annu-

ity contract are not proceeds of a spend-thrift trust. *In re Miller*, 16 B.R. at 791. Thus, the restrictions on a transfer of a spendthrift trust found in 11 U.S.C. § 541(c)(2) are not applicable in this case. *See*, H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 369 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The lottery proceeds are property of the estate subject to any valid exemption.

Accordingly, Trustee's Complaint for Turnover of Property is hereby granted, subject to further hearing on the amount of annuity proceeds, if any, which Debtor may reasonably require for his support.

SO ORDERED.