**In re Richard A. SKOG, Mary J. Skog, Debtors.**

**Marc D. WALLICK, Trustee, Plaintiff,**

**v.**

**RHODE ISLAND STATE LOTTERY COMMISSION and Mary J. Skog, Defendants.**

**Bankruptcy No. 91–12516.**

**Adv. No. 92–1038.**

United States Bankruptcy Court, D. Rhode Island.

Aug. 27, 1992.

William G. Grande, Providence, R.I., for debtors and Defendant Mary J. Skog.

Marc D. Wallick, Warwick, R.I., Trustee.

John Hawkins, Legal Counsel, Providence, R.I., for R.I. State Lottery Com'n.

## AMENDED DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court in the captioned adversary proceeding is the Plaintiff/Trustee's Motion for Summary Judgment (the "Motion") requesting the turnover of property, pursuant to 11 U.S.C. § 543 of the Bankruptcy Code. The Debtors, Richard and Mary Skog oppose the Motion, claiming the subject property as exempt under § 522(d)(10)(E). Ironically in this bankruptcy setting, the property in dispute comes from the Debtors' 1984 winning of the Rhode Island State Lottery, under which they are entitled to receive annually the amount of $21,958.66, through 1995. At present, three more years of payments are due the Debtors.

The Chapter 7 Trustee argues that all remaining lottery winnings due the Debtors are property of the Bankruptcy Estate,

and should be used to satisfy creditors' claims.[1] The Debtors agree that said funds are property of the Estate, but attempt to salvage the same for themselves by relying on § 522(d)(10)(E). Specifically, they argue that lottery payments are in the nature of an "annuity" or "similar plan" as contemplated by § 522(d)(10)(E), which are "reasonably necessary for the support of the debtor and any dependent of the debtor," and therefore are exempt. In support of this argument, Mrs. Skog has submitted an affidavit stating that she is employed on a part-time basis, earning a net weekly income of $132.00, and that in April, 1992, her husband suffered a heart attack and has only recently returned to light duty work at an hourly rate of $3.75 plus tips. As a result, the Debtors argue, "[o]ur income [lottery proceeds] is reasonable [sic] necessary for our support." Affidavit, Mary Skog, June 2, 1992. In addition, appended to Mrs. Skog's affidavit are several "IOU's" which the Debtors gave, prior to their bankruptcy, for monies borrowed in 1991, which indicate that they will be paid out of the Debtors' March 1992 lottery proceeds.

The legal issue before us is quite straightforward: whether such lottery winnings are property of the estate (and ultimately the creditors), or whether under § 522 the funds may be claimed as exempt by the Debtors. We have identified four jurisdictions that have considered this issue. *In re Meyers*, 139 B.R. 858 (Bankr. N.D.Ohio 1992); *Brown v. Boyn (In the Matter of Brown)*, 86 B.R. 944 (N.D.Ind. 1988); *In re Koonce*, 54 B.R. 643 (Bankr. D.S.C.1985); *In re Miller*, 16 B.R. 790 (Bankr.D.Md.1982). In each of these cases, the courts resoundingly concluded that lottery winnings constitute property of the bankruptcy estate which is not exempt under § 522(d)(10)(E). We agree wholeheartedly with these decisions, and are aware of no rulings to the contrary.

The thrust of the Debtors' argument is that these winnings are allowable as ex-

empt under 11 U.S.C. § 522(d)(10)(E), which provides that:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> . . . . .
>
> (10) The debtor's right to receive—
>
> . . . . .
>
> (E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract *on account of* illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
>
> . . . . .
>
> (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 USC 401(a), 403(a), 403(b), 408, or 409).

11 U.S.C. § 522(d)(10)(E) (emphasis added.)

The Debtors, in reliance upon Mrs. Skog's affidavit which describes their undeniably difficult financial condition and personal health problems, put the cart before the horse in concluding that their infirmities transform an otherwise unrestricted contractual right (to receive the annual lottery payment) into one based upon "illness, disability, death, age or length of service, to the extent reasonably necessary for ... support." This is a strained interpretation of § 522, and would effectively apply the statute in reverse. We do not believe this is what Congress intended when it enacted § 522(d)(10)(E). *Accord In re Miller*, 16 B.R. at 791–792. Moreover, Debtors have not presented any evidence demonstrating that this so-called "annuity" or "other plan" meets the other qualifications contained in subsection (iii) of § 522(d)(10)(E). Thus, on a number of grounds, the Debtors have failed to establish their entitlement to a § 522(d)(10)(E) exemption in the disputed lottery prize.

In *In re Meyers*, the Court discussed § 522, commenting that "the *payment* must be on account of illness, disability,

---

1. It is undisputed that the Debtors acquired legal title and the right to receive these (annual) payments in 1984, seven years prior to bankruptcy.

death, age or length of service," and where the debtors' *right* to receive the lottery winnings was not on account of any of these factors, held that this exemption section was inapplicable. 139 B.R. at 862. We fully agree, and conclude based on the record before us, that the Debtors have not established an allowable exemption under § 522(d)(10)(E).

Accordingly, for all of the foregoing reasons, the Trustee's Motion for Summary Judgment requesting turnover of the Debtors' lottery proceeds is GRANTED, and the Rhode Island State Lottery Commission is ORDERED to deliver said funds [2] to the Trustee within 7 days.

Enter Judgment consistent with this opinion.

2. This order applies to *all* lottery winnings still

due the Debtors as they become payable.