**In re Thelma THOMPSON, Debtor.**

**No. 00–30579.**

United States Bankruptcy Court,
N.D. Ohio.

July 19, 2000.

William H. Webster, UAW–Chrysler Legal Svc. Plan, Perrysburg, OH, for debtor.

J. Michael Debbeler, Cincinnati, OH, for Otterbein Homes.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Trustee's Motion for Turnover. The specific item of property against which the Trustee seeks delivery from the Debtor in accordance with 11 U.S.C. § 542(a) is the Debtor's interest in a Refundable Life Use Fee Agreement. This Agreement, which was entered into with a company by the name of Otterbein Homes on May 1, 1994, provided that for a deposit of Forty-five Thousand ($45,000.00) dollars the Debtor would be granted a lifetime credit of Four Hundred Fifty ($450.00) dollars per month toward the rental of a residence at Otterbein Homes. The Agreement, however, also provided that in the event that the Debtor desired to move from Otterbein Homes prior to or before the expiration of One Hundred (100) months, the Debtor would, subject to a few conditions, become entitled to a pro-rata refund of her Forty-five Thousand ($45,000.00) dollar deposit. Specifically, the agreement in paragraph two (2) provided that:

> Move from Otterbein: In the event a Resident desires to move from Otterbein before the expiration of 100 months (8.3 years) of residency to another place of permanent residence, Otterbein should be notified in writing at least 60 days before the date of intended move. Otterbein agrees to make a prorata refund calculated to the nearest whole month, so that 1/100 of the Refundable Life Use Fee for each month of non-use shall be refunded to the Resident. Otterbein reserves the right to delay the cash refund

up to one year after the unit has been vacated or until a new resident occupies the vacated unit, the later of the two dates. A long-term move to a hospital, another nursing home, or other health or mental-care institution shall not be considered a new place of residence for purposes of the refund.

On April 28, 2000, the Debtor filed an objection to the Trustee's Motion on the grounds that she does not have an interest in the refund, and therefore the refund does not constitute property of her bankruptcy estate under 11 U.S.C. § 541(a). In addition, the Debtor contends that even if she does have an interest in the refund, such an interest being contingent is not subject to administration by the Trustee. In particular, the Debtor contends that as long as she continues to reside at Otterbein Homes she has no present right to the deposit, and therefore such funds cannot be turned over to the Trustee. On June 16, 2000, the Court held a hearing on the matter at which time the Court ordered the Parties to submit briefs to the Court. Thereafter, on July 18, 2000, an additional hearing was held at which time the Parties were afforded the opportunity to further explain their legal positions. The Court, after considering the Parties' legal arguments as they pertain to the facts of this case, finds as follows:

■■■ The Bankruptcy Code defines property of the estate very broadly. *CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378, 384 (9th Cir. BAP 1997). Specifically, the Bankruptcy Code provides that upon the commencement of a bankruptcy case, an estate is created which is comprised of "all legal or equitable interest of the debtor in property[.]" 11 U.S.C. § 541(a). According to the legislative history of this statute, the purpose of this section was to ensure that everything of value was brought into

the debtor's bankruptcy estate. H.R. Rep. 95–595, 95th Cong., 1st Sess. 176 (1977). In accordance with this goal, it is clear that conditional, future, speculative, or equitable interests of a debtor become property of the bankruptcy estate under § 541(a). *In re Anders*, 151 B.R. 543, 547 (Bankr.D.Nev.1993). Thus, the mere contingency of a debtor's interest in property does not prevent such an interest from becoming estate property under § 541(a). *See, e.g., Potter v. Drewes (In re Potter)*, 228 B.R. 422, 423–24 (8th Cir. BAP 1999) ("[s]ection 541 applies to contingent interests"); *In re Greer*, 242 B.R. 389, 398 (Bankr.N.D.Ohio 1999) ("contingent interests are clearly property of the bankruptcy estate pursuant to § 541(a)").

■■■ Nevertheless, a trustee's powers are not limitless. As pointed out by this Court in *French v. Miller (In re Miller)*, the "Bankruptcy Code confers absolutely no power upon the [bankruptcy] trustee to make decisions concerning how a debtor manages his everyday affairs such as where the debtor will live or work." 247 B.R. 704, 709 (Bankr.N.D.Ohio 2000). In other words, decisions which are purely personal in nature are not subject to the bankruptcy trustee's authority. *In re Hunt*, 153 B.R. 445, 453 (Bankr.N.D.Tex. 1992). Given this principle, along with the axiom that a bankruptcy trustee can acquire no greater rights in property than the debtor,[1] the Court agrees with the Debtor's position that under the particular facts of this case, the Trustee cannot avail himself to a pro-rata refund of the Debtor's deposit with Otterbein Homes unless the Debtor herself actually elects to move from her apartment. In making this decision, the Court notes that a different result would have been mandated had there existed sufficient evidence demonstrating that the Debtor, by depositing money with Otterbein Homes, intended to defraud her

---

**1.** *See, e.g., In re Reasonover*, 236 B.R. 219, 226 (Bankr.E.D.Va.1999) (trustee takes a debtor's property subject to any equities in favor of third parties); *Condren v. Harrison (In re Borison)*, 226 B.R. 779, 786 (Bankr.S.D.N.Y.

1998) (a bankruptcy trustee can have no greater rights in property than what a debtor has in such property on the date the cases were commenced).

creditors. However, in light of the fact that the Debtor filed for bankruptcy relief approximately six (6) years after entering into the Fee Agreement with Otterbein Homes, the Court cannot find that the Debtor, as a result of this Agreement, acted intentionally to the detriment of her creditors.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Motion for Turnover be, and is hereby, DENIED.

It is **FURTHER ORDERED** that the Debtor immediately inform the Trustee if she becomes entitled to a refund from Otterbein Homes, after which time this case will be reopened so as to enable the Trustee to administer these funds.

It is **FURTHER ORDERED** that Otterbein Homes inform the Trustee if the Debtor, Thelma M. Thompson, becomes entitled to a refund on her Refundable Life Use Fee Agreement.

It is **FURTHER ORDERED** that the Clerk of Courts serve a copy of this Order upon J. Michael Debbeler, attorney for Otterbein Homes.